IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 17-178 |
| ) | Civil No. 24-1603 |
| ) | Judge Nora Barry Fischer |
| KEVIN DARWIN-SEWELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

I.   INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Docket No. 140), and a motion to hold his § 2255 Motion in abeyance, (Docket No. 147), filed by *pro se* Defendant Kevin Darwin-Sewell, and the Government's opposition thereto, (Docket No. 153). *Rivers v. Guerrero*, 605 U.S. 443 (2025). The Court granted an extension and directed Defendant to file his reply by July 22, 2025, but one has not been received as of the date of this Opinion. (Docket Nos. 154; 156; 157). Defendant seeks to vacate his sentence in light of the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024), contending that a jury must make armed career criminal findings. (Docket No. 140); The Government argues that Defendant's Motion should be denied because it is untimely, barred by his plea agreement's collateral attack waiver, and procedurally defaulted. (Docket No. 153). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motions [140]; [147] are denied.

II.   BACKGROUND

On July 11, 2017, Defendant was charged in a multi-count Indictment with several firearm and controlled substance offenses. (Docket No. 1). Thereafter, on December 10, 2019, Defendant was charged by Superseding Indictment with similar offenses. (Docket No. 88).

The uncontested facts set forth in the Presentence Investigation Report ("PIR") and the factual summary at Defendant's change of plea hearing established the following. (Docket Nos. 112; 152). In the morning hours of July 19, 2016, Wilkinsburg Township police officers responded to a call of an unresponsive person in a parked Infiniti sedan. (*Id*. at ¶ 18). When officers arrived, they observed the unresponsive person, who was later identified as Defendant, lying face down with his head against the door. (*Id*.). Police could not awaken him and had to unlock the sedan's doors to gain access to the vehicle. (*Id*.). He appeared disoriented to the officers and rolled over, revealing a handgun in plain view. (*Id*.). Police then secured the firearm and recovered eight stamp bags of heroin from the front seat of the vehicle. (*Id*. at ¶ 19). Defendant was arrested and transported to the police station. (*Id*.). Thereafter, police obtained a search warrant for Defendant's vehicle, wherein they recovered twelve unopened bricks of heroin, seven stamp bags, four blue bags labeled "sniff me," forty-seven green bags labeled "viper" which contained twenty-eight grams of heroin, three bags of crack cocaine, one bag containing an unknown substance, and two flip phones. (*Id*. at ¶ 20). Additionally, on February 1, 2017, Defendant was pulled over in an Infinity sedan and attempted to flee but was ultimately apprehended. (Docket No. 112 at ¶ 22). A search of his vehicle revealed forty-two stamp bags of heroin, ecstasy pills, crack cocaine, eight cell phones, a loaded Glock model 23 pistol, an AR 15 Bushmaster assault rifle, 396 rounds of ammunition, a digital scale, and $479. (*Id*.).

The Government proffered that if the case had gone to trial, "[e]xperts would testify to the quantity of heroin, its packaging and marking, along with the loaded handgun, is consistent with a

person trafficking in illegal narcotics." (Docket No. 152 at 37-38). The Government was also prepared to introduce certified conviction records to demonstrate that Defendant had been convicted of at least three prior violent felonies or serious drug offenses with punishments exceeding one year, thereby subjecting Defendant to enhanced penalties under the Armed Career Criminal Act. (*Id*. at 38); *see* 18 U.S.C. 924(e).

On February 21, 2020, Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to one count of possession with the intent to distribute a quantity of heroin and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), at Count One of the Superseding Indictment, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e), at Count Two of the Superseding Indictment. (Docket Nos. 88; 103-1). Defendant received several benefits from the plea agreement. First, upon oral motion of the Government, the Court dismissed Counts One through Eight of the Indictment and Counts Three through Six of the Superseding Indictment. (Docket No. 130). In all, two separate counts of possession of a firearm in furtherance of a drug trafficking crime were dismissed. (Docket Nos. 1; 88); 18 U.S.C. § 924(c)(1)(A)(i). If convicted of those charges, Defendant would have faced additional terms of at least five years' imprisonment at each count to run consecutively to all other terms of imprisonment. *Id*; 18 U.S.C. § 924(c)(1)(D). Second, the agreed-upon sentence of 15 years' imprisonment at Counts One and Two to be served concurrently was slightly below the advisory guidelines range of 188 to 235 months' imprisonment. (Docket No. 117).

In exchange, Defendant admitted to the Government's factual summary, including that he was subject to the enhanced penalties under the Armed Career Criminal Act because he committed at least three prior violent felonies or serious drug offenses with punishments exceeding one year. (Docket No. 152 at 38-39). He agreed to waive his right to take a direct appeal, subject to several

exceptions not relevant here and to "waive[] the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence." (Docket No. 103-1 at 2-3). The agreement permitted him to "rais[e] a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." (*Id.* at 3). This Court deferred acceptance of the Plea Agreement until it had an opportunity to review the PIR in this case, which detailed the potential penalties including the mandatory minimum terms of imprisonment and supervised release. (Docket Nos. 112; 152 at 28).

In its Tentative Findings and Rulings, the Court adopted the PIR in its entirety, calculated Defendant's advisory guideline range as 188-235 months' imprisonment, and noted that he was subject to the mandatory minimum penalty of 15 years' imprisonment at Count Two. (Docket No. 117). Due to the COVID-19 pandemic, the Court granted Defendant's motion to hold his sentencing via videoconference, held same on July 15, 2020, and accepted the parties' stipulated sentence of 15 years' imprisonment at each of Counts One and Two to be served concurrently, 6 years' supervised release at Count One, 5 years' supervised release at Count Two, a $200 special assessment, and no fine. (Docket No. 103-1).

As neither the Government nor Defendant appealed the Court's judgment, it became final 14 days after sentencing – on July 29, 2020. (Docket No. 132). On November 19, 2024, Defendant filed the instant motion to vacate. (Docket No. 140). In response, the Court issued its standard *Miller* order, and on December 16, 2025, the Court received Defendant's notice advising that he intended to amend his motion within 120 days, i.e., by April 15, 2025. (Docket Nos. 141; 142). On April 15, 2025, Defendant filed his motion seeking to hold his § 2255 motion in abeyance. (Docket No. 147). The Government countered with its response in opposition. (Docket No. 153). Accordingly, the matter has been fully briefed and is ripe for disposition.

III.    LEGAL STANDARD

A prisoner sentenced by a federal court may move to vacate his sentence under 28 U.S.C. § 2255(a) if that "sentence was imposed in violation of the Constitution or laws of the United States" or "is otherwise subject to collateral attack." As relevant here, a § 2255 motion must be filed within one year of: (1) the date the judgment of conviction becomes final; (2) the date on which the Supreme Court initially recognizes a right and makes that right "retroactively applicable to cases on collateral review;" or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

Generally, a court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the court must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, Crim. No. 98-3, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). In the Court's view, Defendant's Motion can be decided after review of the record in the case, and thus a hearing is not necessary.

IV.     DISCUSSION

At the outset, Defendant requests the Court hold his Motion to Vacate under 28 U.S.C. § 2255 in abeyance until the Supreme Court resolves *Rivers v. Guerrero*.[1] (Docket No. 147); *Rivers*, 605 U.S. 443 (2025). The Government contends that *Rivers* is irrelevant to Defendant's § 2255 Motion and advises that *Rivers* was decided on June 12, 2025. (Docket Nos. 153; 155). The Supreme Court decided *Rivers* while briefing in this matter was ongoing, and Defendant has had an opportunity to raise its relevance in a reply which he has opted not to file. Accordingly, Defendant's Motion for Status Quo is denied, as moot.[2]

Turning back to Defendant's § 2255 Motion, he asserts that the Court should vacate his sentence because a unanimous jury did not determine if his past offenses were committed on separate occasions for Armed Career Criminal Act and Guideline § 4B1.1 purposes. (Docket No. 140). The Government contends that Defendant's Motion is untimely, and he waived the right to file it as part of his plea agreement. (Docket No. 153). The Government further argues that Defendant's Motion is procedurally defaulted since he did not appeal his sentence, admitted to the crime of conviction, and lacks valid cause for the procedural default. (*Id.*).

Having considered the parties' arguments, the Court finds the Government's position more persuasive because Defendant's claims are barred by the statute of limitations.

---

1   Defendant also cites in passing to "*Garland v. Range*" and "Amendment 829" as "applicable to his sentence." (Docket No. 147). The Court finds that neither citation deserves further discussion as to Defendant's motions.

2   *Rivers* addresses whether a second-in-time habeas filing qualifies as a second or successive application which would trigger the gatekeeping requirements of 28 U.S.C. § 2244(b) "when the judgment denying the first application is under review on appeal." *Rivers*, 605 U.S. 443, 446-47 (2025). The defendant filed his first habeas relief in 2017 under § 2254 – the applicable habeas provision for defendants convicted in state court. *Id.*; 28 U.S.C. § 2254. With that said, the Court's decision in *Rivers* is immaterial to Defendant's instant motion to vacate as Defendant brought his motion under § 2255 – the applicable habeas provision for defendants convicted in federal court, and Defendant's motion is the first motion that he has brought under § 2255. 28 U.S.C. § 2255. Thus, even if *Rivers* extends to "second or successive motions" brought under § 2255, it does not alter the legal analysis related to Defendant's one and only motion to vacate.

Section 2255 motions are generally subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f); *see also Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999). Section 2255(f) provides that the one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). In most cases, "the date on which the judgment of conviction becomes final" will be the date from which the statute of limitations begins to run. *See* 28 U.S.C. § 2255(f)(1). Here, Defendant does not contest that his Motion is untimely under § 2255(f)(1) because he did not file it within one year of July 29, 2020 – the date on which his 14-day period to file a notice of appeal expired and his judgment of conviction became final. *United States v. Sayles*, Criminal No. 09-273, 2013 WL 4523593, at *3 (W.D. Pa. Aug. 27, 2013); (Docket No. 140 at 12). Rather, Defendant contends that his Motion is timely under § 2255(f)(3). (Docket No. 140 at 12). In this Court's estimation, Defendant has failed to demonstrate that § 2255(f)(3) or another exception to the statute of limitations applies.

Defendant asserts that his motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024). (Docket No. 140 at 11). A motion is timely under 18 U.S.C. § 2255(f)(3) if: (1) it "assert[s]… [a] right [that] has been newly recognized by the Supreme Court[;]" (2) it is filed within one year

7

of "the date on which the right asserted was initially recognized by the Supreme Court[;]" and (3) the right asserted has been "made retroactively applicable to cases on collateral review." *See Dodd v. United States*, 545 U.S. 353, 357-59 (2005).

However, the Court need not determine the retroactive applicability of *Erlinger* because it does not apply to Defendant. In *Erlinger*, the Supreme Court recognized that the Fifth and Sixth Amendments entitle a defendant to have a unanimous jury determine whether a defendant's past offenses were committed on separate occasions for Armed Career Criminal Act purposes. *Erlinger*, 602 U.S. at 828, 849. *Erlinger* does not mandate that a jury must determine armed career criminal status in all cases but rather guarantees defendants the right to have a jury decide same. *See United States v. White*, No. 24-1879, 2024 WL 4024038, at *2 (3d Cir. Sept. 3, 2024) ("[Defendant's] reliance on [*Erlinger*] is misplaced: he waived his right to a jury trial and elected a bench trial, so the District Court properly served as factfinder in all respects.") (internal citations and quotations omitted).

Thus, district courts remain free to accept plea agreements where a defendant admits to their armed career criminal status. *See De'Lapara v. Rivello*, Civ. A. No. 24-4198, 2025 WL 1680185, at *4 (E.D. Pa. May 23, 2025). In *De'Lapara v. Rivello*, the defendant filed an untimely habeas petition, arguing that *Erlinger* excused "the lateness of his petition as it includes a newly recognized constitutional right that is retroactively applicable to his case." *Id*. at *3-4. In denying the defendant's petition as untimely, the Court rejected defendant's interpretation of *Erlinger* "as his sentence was based on a negotiated agreement, not a judge's independent determination" as in *Erlinger*. *Id*.

Similarly, *Erlinger* is inapplicable to Defendant's case because he agreed that he was subject to the statutory penalties of an armed career criminal, did not object to his classification as

8

same, and stipulated to a specific sentence pursuant to his plea agreement with the Government. (Docket Nos. 103-1; 152 at 39). Unlike the defendant in *Erlinger*, the parties did not dispute the potential statutory penalties or Defendant's armed career criminal status. (*Id.*). Defendant agreed that he was eligible for increased statutory punishment as an armed career criminal under 18 U.S.C. § 924(e). (Docket No. 152 at 39). To that end, he stipulated that the appropriate sentence was the mandatory minimum term of 15 years' imprisonment at each of Counts One and Two, 6 years' supervised release at Count One, 5 years' supervised release at Count Two, a $200 special assessment, and no fine. (Docket No. 103-1). This sentence was slightly below the advisory guidelines range of 188 to 235 months' imprisonment. (Docket No. 117). While Defendant interprets the Supreme Court's decision in *Erlinger* to foreclose the opportunity for criminal defendants to reach agreements with the Government wherein they stipulate to their armed career criminal status, the Court finds this interpretation misplaced. *De'Lapara*, 2025 WL 1680185, at *4. *Erlinger* does not prevent defendants subject to enhancements under the Armed Career Criminal Act from reaching plea agreements stipulating to that classification. *Id*. All told, Defendant has not established that the Supreme Court's decision in *Erlinger* is applicable to the instant matter and tolls the statute of limitations in his case.

In any event, Defendant's *Erlinger* claim is without merit as the PIR reveals Defendant has four separate felony convictions for a controlled substance offense. (Docket No. 112, ¶¶ 42, 43, 44, 46). To that end, Defendant was convicted of:

(1) possession with intent to deliver a controlled substance and possession of a controlled substance for conduct occurring during a traffic stop on August 7, 2004;

(2) two counts of possession with intent to deliver a controlled substance and two counts of possession of a controlled substance after his arrest on August 10, 2004;

9

(3) two counts of possession with intent to deliver a controlled substance and two counts of possession of a controlled substance arising out of his arrest on August 31, 2005; and,

(4) possession with intent to deliver a controlled substance and possession of a controlled substance due to his arrest for same on April 18, 2011.

(*Id.*).

Finally, Defendant has not argued that the remaining exceptions under §§ 2255(f)(2) or (f)(4) apply to toll the statute of limitations in his case. *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (noting that "the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"); *United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("[F]or the purposes of § 2255(4), time begins when the prisoner knows…the important facts, not when the prisoner recognizes their legal significance.") (internal quotations omitted).

For these reasons, the Court finds that no exception to the statute of limitations would apply in this case. Given same, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied.

Moreover, the Court agrees with the Government that Defendant's claims are procedurally defaulted and barred by the collateral attack waiver in his plea agreement. (Docket No. 153). *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008) (citations omitted), *abrogated on other grounds by Garza v. Idaho*, 586 U.S. 232 (2019); *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' … or that he is 'actually innocent.'") (citations omitted).

V.    CONCLUSION

Based on the foregoing, Defendant's motions [140; 147] are denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  August 27, 2025

cc/ecf:  All counsel of record

    Kevin Darwin-Sewell
    BOP Register # 38550-068
    FCI McKean
    Federal Correction Institution
    P.O. Box 8000
    Bradford, PA 16701